Chief Justice Robfktson
delivered the opinion of the court.
A: ontgomerf brought a suit in chancery in the Lincoln circuit court, against Cowan fora settlement of partnership accounts. The subpoena was served on Cowan in Pulaski county. " He never appeared. The bill alleged that he had agreed, in writing, prior to the institution of the suit, that it might be brought in the Lincoln circuit court. The bilí was taken for confessed; and thereupon the circuit court decreed that Cowan should pay to Montgomery $183 50. , '
Waiving other obligations to the decree, the want of jurisdiction is fatal to it.
As the cause of complaint was transitory, the Lineoln circuit court had no jurisdiction, unless process had been served in Lincoln, or unless Cowan had, by an answer or otherwise, waived objection to'the want of jurisdiction. As he did not appear, we cannot perceive how the alleged agreement to *300 allow the Lincoln circuit court to adjudicate could give it jurisdiction. .That agreement, if ever made, was prior to the institution of the suit, and could not, per se, confer jurisdiction.
Owsley, for plaintiff; Monroe, Cunningham and' Harlan, for defendant.
Moreover, before such an agreement would hav® any effect as an estoppel (even it it could so operate under any circumstances) it should be proved as admitted — and before the court could hear proof or take the bill for confessed, jurisdiction of the case was indispensable. Jurisdiction could not have been derived from thé alleged agreement, because the court had no right to take the bill for confessed, or to notice the agreement until jurisdiction to adjudicate in the case had been conferred.
Wherefore, the decree of the circuit court is reversed, and the cause is remanded, with instructions to dismiss the bill for want of jurisdiction.